UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARRYL L. BATISTE,

                Plaintiff,

-against-

THE CITY OF NEW YORK,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/23/2022

1:22-cv-9772-GHW

ORDER TO AMEND

GREGORY H. WOODS, United States District Judge:

    Plaintiff brings this *pro se* action, for which the filing fees have been paid, alleging that his rights were violated in connection with a room he was renting or occupying at the Vanderbilt YMCA in Manhattan. The Court construes the complaint as asserting federal constitutional claims under 42 U.S.C. § 1983 and claims under the Fair Housing Act of 1968, as amended by the Fair Housing Amendments Act ("FHAA"), 42 U.S.C. § 3601, *et seq.* Plaintiff names the City of New York as the sole Defendant. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 45 days of the date of this order. Should Plaintiff fail to file an amended complaint within that time, the Court expects to dismiss this case for failure to state a claim.

## STANDARD OF REVIEW

    The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fees, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court also may dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted). The Court is obliged, however, to construe *pro se*

pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff Darryl L. Batiste submits his claims using the Court's general form complaint, to which he attaches additional documents. He checks the box on the form to invoke the Court's federal question jurisdiction, and states that the events giving rise to his claims occurred at the Vanderbilt YMCA on East 47th Street in Manhattan. Plaintiff refers the Court to the attached documents for the remainder of the information regarding his claims. The document that contains the most information is a one-page form complaint that Plaintiff filed with the Comptroller of the City of New York, which is stamped by the Comptroller as having been received on November 18, 2021. The following allegations are taken from that complaint, which is handwritten and difficult to read.[1]

In the space on the form where Plaintiff is asked to state the nature of his claims, he writes,

> On Sunday August 22, 2021 at 12.54 AM, a [illegible] worker entered my room #677 and ask me 'Are you ok.' I informed her that I was not ok . . . because she was – stopping me from getting sleep . . . the harassment and violation of my human and civil rights has been relentless.

(ECF 1, at 7.)

In response to the question on the form asking him to state the time, place, and manner in which his claim arose, Plaintiff writes,

> My claims happen at the Vanderbilt (YMCA) 224 East 47th Street, New York, New York 10017 – It's [illegible] areas and my room #677 – In a random and periodic manner . . . Every day of the week . . . No ventilation system in my room – the hallways and bathrooms toxic black mold, fungus, and bacteria in the bathrooms . . . I have server [sic] allergies.

---

[1] Plaintiff writes using irregular capitalization. For readability, the Court has used standard capitalization when quoting from the complaint.

(*Id.*)

Where asked to describe the damage or injuries claimed, Plaintiff writes,

> Physical and psychological abuse/assault. Civil and human rights abuse. Elder abuse . . . [illegible]. Abuse of power. Both random and periodic harassment – insults and racial slures [sic]. Negative profiling . . . Stress – pain and trauma . . . Refused to relocate me into a better place to live . . . and the air quality is better. PLEASE NOTE: I have moderate to severe allergies and restrictive lung disease . . . the harassment and violation of my human & civil right has been relentless and without cause . . . [.]"

(*Id.*)

Plaintiff states on the Comptroller's form that he is seeking $5 million in damages.

Plaintiff also attaches to the complaint an October 14, 2002 letter from a doctor who previously treated him stating that Plaintiff has suffered "negative effects on his health caused by chronic environmental exposure to molds, fungi and bacteria in his apartment" (*id.* at 8); a December 5, 2021 letter from the Comptroller's office acknowledging receipt of his claim (*id.* at 9); and a May 3, 2022 letter from the Comptroller's officer requesting additional information from Plaintiff (*id.* at 10).

## DISCUSSION

**A.     Claims under 42 U.S.C. § 1983**

Because Plaintiff invokes the Court's federal question jurisdiction and alleges that Defendant violated his civil rights, the Court construes the complaint as asserting claims under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

When a plaintiff sues a municipality, such as the City of New York, under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the

3

plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

If there is no underlying constitutional violation, however, the Court need not examine whether the municipality is liable under Section 1983. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006). Here, Plaintiff fails to state a constitutional violation arising from the conditions of his apartment because there is no constitutional right to adequate or safe housing. *See Lindsay v. Normet*, 405 U.S. 56, 74 (1972) ("We are unable to perceive in [the constitution] any guarantee of access to dwellings of particular quality . . . . Absent constitutional mandate, the assurance of adequate housing . . . [is a] legislative, not judicial, function[]"); *Richardson v. City of New York*, No. 12-CV-2545, 2013 WL 2124176, at *2 (S.D.N.Y. Apr. 17, 2013) (holding there is no "government obligation to provide adequate housing") (quoting *Reaves v. Dep't of Veterans Affairs*, No. 08-CV-1624, 2009 WL 35074, at *3 (E.D.N.Y. Jan. 6, 2009)); *see also Allen v. New York City Hous. Auth.*, No. 10-CV-0168, 2012 WL 4794590, at *8 (S.D.N.Y. Sept. 11, 2012) (rejecting due process claims arising from NYCHA's failure to address mold), *report & recommendation adopted*.[2]

---

[2] Plaintiff's allegations suggest that the YMCA, rather than the City of New York, may be the owner or manager of his apartment. To the extent Plaintiff intended to assert constitutional claims against the YMCA, those claims would also fail, both because Plaintiff has failed to allege a constitutional violation, and because the YMCA is a private, non-profit organization and private parties generally

4

Plaintiff therefore fails to state a Section 1983 claim against the City of New York.

**B.      Fair Housing Amendments Act (FHAA)**

The Court liberally construes the complaint as attempting to assert claims under the FHAA that Plaintiff's landlord or the owner of his room or apartment, which appears to be the YMCA, failed to reasonably accommodate his allergies and respiratory conditions. The FHAA makes it unlawful to "discriminate in the . . . rental [of], or to otherwise make unavailable or deny, a dwelling to any . . . renter because of" the individual's disability. 42 U.S.C. § 3604(f)(1)(A). Under the FHAA, disability discrimination includes a refusal to make "reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B).

To state a claim under the FHAA that a defendant failed to provide reasonable accommodations, a plaintiff must allege that (1) he had a disability, (2) the defendant knew of or should have known of the disability, (3) the requested accommodation "was likely necessary to afford the [disabled] person an equal opportunity to use and enjoy the dwelling," (4) the accommodation requested was reasonable, and (5) "the defendant refused to make the requested accommodation." *Olsen v. Stark Homes, Inc.*, 759 F.3d 140, 156 (2d Cir. 2014).

To demonstrate a disability under the FHAA, "a plaintiff must show: (1) 'a physical or mental impairment which substantially limits one or more . . . major life activities'; (2) 'a record of

---

are not liable under Section 1983. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."); *see also Valle v. YMCA of Greater New York*, No. 05-CV-5318, 2006 WL 2571946, at *7 (S.D.N.Y. July 6, 2006) (taking judicial notice that "the YMCA is a private not-for-profit corporation, not a state actor"), *report and recommendation adopted*, 2006 WL 2583073 (S.D.N.Y. Sept. 6, 2006).

having such an impairment'; or (3) that he or she is 'regarded as having such an impairment.'" *See Rodriguez v. Village Green Realty, Inc.*, 788 F.3d 31, 40 (2d Cir. 2015) (quoting 42 U.S.C. § 3602(h)).

Here, even if the Court assumes that Plaintiff has a disability under the FHAA, he does not allege facts suggesting that any party – whether Defendant City of New York or the YMCA – knew of his disability, that he requested a reasonable accommodation, or that any party refused to grant his request. The Court therefore grants Plaintiff leave to file an amended complaint alleging facts suggesting a plausible claim under the FHAA. In his amended complaint, Plaintiff should name as the defendant or defendants those parties whom he alleges failed to reasonably accommodate his disability.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim for disability discrimination under the FHAA, the Court grants Plaintiff 45 days' leave to amend his complaint to detail his claims.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include

all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within forty five days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 1:22-cv-9772-GHW. An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.

*Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

    The Clerk of Court is directed to mail a copy of this order to Mr. Batiste.

SO ORDERED.

Dated:   November 23, 2022

                                            GREGORY H. WOODS
                                            United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

\_\_\_\_\_

\_\_\_\_\_

Write the full name of each plaintiff.

-against-

\_\_\_\_\_

\_\_\_\_\_

\_\_\_\_\_

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

\_\_\_\_\_CV_____
(Include case number if one has been assigned)

**COMPLAINT**

Do you want a jury trial?
☐ Yes   ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 1/9/17

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff, _____, is a citizen of the State of
(Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____
First Name          Middle Initial          Last Name

_____
Street Address

_____
County, City                    State                    Zip Code

_____
Telephone Number                Email Address (if available)

Page 3

B. **Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____
                First Name                Last Name

             _____
             Current Job Title (or other identifying information)

             _____
             Current Work Address (or other address where defendant may be served)

             _____
             County, City             State             Zip Code

Defendant 2: _____
                First Name                Last Name

             _____
             Current Job Title (or other identifying information)

             _____
             Current Work Address (or other address where defendant may be served)

             _____
             County, City             State             Zip Code

Defendant 3: _____
                First Name                Last Name

             _____
             Current Job Title (or other identifying information)

             _____
             Current Work Address (or other address where defendant may be served)

             _____
             County, City             State             Zip Code

Defendant 4: _____

                First Name                Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City             State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 5

## INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |

| First Name | Middle Initial | Last Name |

| Street Address |

| County, City | State | Zip Code |

| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes   ☐ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



United States District Court
Southern District of New York

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

## CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

_____
Address          City          State          Zip Code

_____
Telephone Number                E-mail Address

_____
Date                            Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007